■ In the Matter of the Claim of MAUREEN BUEHLER, Respondent, v. CARRIE ROSE, Doing Business as SPRINGWOOD MANOR, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a practical nurse at a convalescent home. On February 25, 1952 she sustained a comminuted fracture of the right patella in the course of her work, and the following year, as a result of the first injury, sustained a further fall and additional injuries. As the result of these accidents claimant was at first totally and then partially disabled and in 1955 the case was closed and a schedule award of 25% permanent loss of the right leg was allowed. In 1956 she suffered a further injury to the leg in an automobile accident which was unrelated to the earlier accidents. But the following year, March 15, 1957, she again fell and the board has found that this accident caused an injury which has resulted in a permanent partial disability. It attributed 50% of the cause of the 1957 fall to the 1952 accident and 50% to the unrelated automobile accident. The appellants argue that on this record the board was without jurisdiction to vacate the schedule award and impose the further responsibility for the 1952 accident. But the board clearly has jurisdiction to reclassify awards (Workmen's Compensation Law, § 15, subd. 6-a; and exercises a continuing jurisdiction, § 123). Here it was justified on the basis of proof of continuing pain and disability following the 1955 schedule award to reclassify and to make a new award consistent with

the proof of claimant's further consequential physical difficulties. At one point in their brief appellants argue that the board "made a new finding and classified the claimant as a permanent partial disability case *without* revoking or in any way changing or referring to the previous closing of the case on the schedule award." The word "without" is italicized; but it is clear from the record that the schedule award was revoked. The Referee's decision of October 22, 1957 states: "Prior award rescinded" and the board's formal findings say exactly the same thing. The board found a period of total disability for a short time after the 1957 accident and a period of partial disability from May 20, 1957 to September 30, 1957. This was found to be a 75% total disability, for which appellants have been made 50% responsible. They argue that there is no proof that there is a 75% permanent partial disability. The actual award, however, is for a definite period, ending September 30, 1957 and whether the condition is permanent in the full sense will depend on the development of the record from that time on. There is, however, adequate medical opinion that she was, in 1957, permanently partially disabled. Claimant testified that she was unable to continue her regular occupation as a nurse; and that she did work on a sewing machine. Considering this testimony and her proof of earnings, the decision that she had a 75% disability was reasonable and not, in the words of appellants' brief, "capricious, arbitrary and without foundation". There has been a delay of almost two and one-half years from the taking of this appeal on April 2, 1958 and its argument. Award unanimously affirmed, with costs to the Workmen's Compensation Board.